**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

DAPHNE DENISE SINGLETON,

Petitioner,

VS.

WARDEN BELINDA DAVIS,

Respondent.

**1:13-CV-132 (WLS)**

**ORDER AND RECOMMENDATION**

Presently pending in this § 2254 action is Petitioner's Motion to Amend, and Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Docs. 7, 9).

***Motion to Amend (Doc. 7)***

Petitioner effectively filed a Motion to Amend on September 5, 2013. On August 12, 2013, the undersigned ordered Petitioner to "amend her petition to include every unalleged possible constitutional error or deprivation entitling her to federal habeas corpus relief" within thirty days of the date of the Order. (Doc. 5, p. 1). As Petitioner filed her Motion to Amend within thirty days of the August 12, 2013 Order, Petitioner's Motion to Amend is **GRANTED** and the additional claims asserted in the Motion are hereby made part of her Petition.

***Motion to Dismiss (Doc. 9)***

Respondent contends that the Petition should be dismissed because Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was effectively filed on July 31, 2013. (Doc. 1, p. 7).

Petitioner entered guilty pleas to armed robbery, aggravated assault, possession of a firearm by a convicted felon, and riot in a penal institution. (Docs. 11-7, p. 103; 11-8, p. 55). On November 16, 2009, Petitioner was sentenced to a total of 10 years imprisonment and 15

years probation for armed robbery, aggravated assault, and possession of a firearm by a convicted felon. (Doc. 11-7, p. 103). Petitioner was sentenced to 3 years imprisonment for the riot in a penal institution, which was to be served concurrent to the above sentence. (Doc. 11-8, p. 55). Petitioner did not file a direct appeal.

Petitioner filed her state habeas petition in the Superior Court of Habersham County on July 27, 2011. (Doc. 11-1). After an evidentiary hearing was held, the petition was denied on July 24, 2012. (Doc. 11-4). Petitioner filed an application for a certificate of probable cause to appeal the denial, which was dismissed on March 4, 2013. (Doc. 11-6).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Petitioner filed this habeas Petition challenging her November 16, 2009 convictions and sentences. Petitioner did not file a direct appeal, making the judgments of convictions final on December 16, 2009, the date on which the 30-day period for filing a notice of appeal expired.[1] Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file a state habeas petition by December 16, 2010 to toll the limitations period. Petitioner did not execute her state habeas petition until July 21, 2011 (Doc. 11-1), which was more than seven months after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does

[1] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, her appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).

In her Response to Respondent's Motion to Dismiss, Petitioner asserts that she is entitled to equitable tolling because her counsel did not file a direct appeal, her counsel did not provide her with copies of her transcripts, and because the prison did not have updated legal books regarding the limitations period. (Doc. 12). A petitioner is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).

Counsel's failure to file a direct appeal or to advise Petitioner that he did not file a notice of direct appeal does not justify equitable tolling. *See McCray v. Thomas*, 2008 WL 5412480, *6 (M.D. Ala., Dec. 29, 2008) (the failure of counsel "to present claims during the direct appeal process does not establish an impediment to [the petitioner's] filing a timely habeas"); *Kirby v. Forniss*, 2008 WL 4493420, *4-5 (M.D. Ala. Oct. 1, 2008) (finding equitable tolling was not warranted when the petitioner argued that his untimeliness should be excused because his counsel failed to advise him that counsel had not filed a petition for writ of certiorari); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Thus, Petitioner has not shown she is entitled to equitable tolling because Petitioner's attorney did not file a direct appeal or inform Petitioner that he did not file a notice of direct appeal.

"[E]quitable tolling [also] does not excuse a petitioner's late filing simply because [s]he was unable to obtain a complete trial transcript before [s]he filed h[er] § 2254 petition." *Tucker v. Chatman*, 2008 WL 822512, *3 (M.D. Ga., March 26, 2008) (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002)); *see also Powe v. Culliver*, 205 Fed. Appx. 729, 734-35 (11th Cir.

2006) (finding that Petitioner failed to show that he could not have filed his Rule 32 petition without his trial transcript, and thus, the federal habeas limitations period was not equitably tolled). Further, Petitioner has provided no explanation as to why she was unable to file her habeas petition without her trial transcript. Therefore, Petitioner's inability to obtain her transcripts does not excuse her failure to timely file her federal habeas petition.

Petitioner also asserts that she did not have access to legal materials that gave notice of the limitations period. (Doc. 12). "'Ignorance of the law is no excuse; it is not a reason for equitable tolling.'" *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga., May 7, 2005) (quoting *Garrick v. Vaughn*, 2003 WL 22331774, *3 (E.D. Pa., Sept. 5, 2005)) (finding a petitioner's assertion that his limitations period should be tolled because of his ignorance of the law was without merit); *Burton v. Deloach*, 2008 WL 2131398, *5 (M.D. Ala., March 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."). Thus, the lack of updated legal materials in the prison does not entitle Petitioner to equitable tolling.

As Petitioner did not file a habeas petition until more than one year after her conviction became final and has not shown that she is entitled to equitable tolling, her federal habeas Petition is untimely. Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478, 483-84 (2000). Therefore, it is

recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, she may include therein any arguments she wishes to make regarding a certificate of appealability.

**SO ORDERED AND RECOMMENDED**, this 18th day of March, 2014.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf