IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DAPHNE DENISE SINGLETON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-cv-132 (WLS) |
| | : | |
| WARDEN BELINDA DAVIS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff in this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 14.) Judge Langstaff recommends the petition be dismissed as untimely under the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Petitioner Daphne Denise Singleton (Singleton) objects to the recommendation. After review, the Court adopts the Recommendation.

AEDPA requires state prisoners to file habeas petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Singleton does not dispute that her conviction became final on December 16, 2009, the deadline to file a notice of appeal in her case. Nor does she dispute that she did not file a state application for writ of habeas corpus until July 27, 2011. Nevertheless, Singleton argues the statute of limitations should be tolled for three reasons: (1) her attorney failed to file an appeal; (2) she did not receive transcripts on time; and (3) the prison has outdated legal books. These assertions, as Judge Langstaff already found, do not entitle Singleton to relief.

A petitioner is entitled to equitable tolling only if she shows (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Singleton claims she satisfies these elements because her attorney did not file a direct appeal. But she has

1

not presented any evidence or argument to show she made diligent attempts to contact her attorney or the court to discover the progress of an appeal. Even if she had made some effort to discover the existence of an appeal, Singleton has failed to show how that effort took nearly a year and a half. Likewise, for the reasons explained in the Recommendation, the lack of a transcript and ignorance of the law does not entitle Singleton to equitable tolling.

Therefore, upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Singleton's objection is **OVERRULED**. This action is **DISMISSED**.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that the petition is untimely.

**SO ORDERED**, this   22nd   day of May, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

2